IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE KEVIN WILLIAMS,          :
                                :
      Petitioner.               :
                                :
vs.                             :      CIVIL ACTION 15-0048-CG-M
                                :
KENNETH JONES,                  :
                                :
      Respondent.               :

REPORT AND RECOMMENDATION

This action under 28 U.S.C. § 2254 by an Alabama inmate was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor of Respondent, Kenneth Jones, and against Petitioner, Willie Kevin Williams.

Petitioner was convicted of first degree robbery, first degree rape, and second degree kidnaping in the Mobile County Circuit Court on September 25, 2012; on October 18, 2012, he was

sentenced to three consecutive life sentences in the state
penitentiary (Doc. 3, p. 2; Doc. 22, p. 1).  Appeal was made to
the Court of Criminal Appeals of Alabama that affirmed the
conviction and sentence (Doc. 22, Exhibit D).  Williams's
application for rehearing was overruled (Doc. 22, Exhibit E).
On November 15, 2013, the Alabama Supreme Court denied his
petition for certiorari and a certificate of judgment was issued
(Doc. 22, Exhibit F).

Petitioner filed a State Rule 32 petition that was denied
by the Circuit Court on March 26, 2014 (Doc. 3, p. 4; Doc. 22,
p. 2).  The Alabama Court of Criminal Appeals affirmed the lower
court decision (Doc. 22, Exhibit J) and then denied Williams's
application for rehearing (*see* Doc. 22, p. 2).  The Alabama
Supreme Court denied his petition for *certiorari* and entered a
certificate of judgment on January 16, 2015 (Doc. 22, Exhibit
L).

Petitioner filed a complaint with this Court on January 26,
2015 (*see* Doc. 1, p. 11), raising the following claims:  (1) His
trial attorney rendered ineffective assistance; (2) he is
actually innocent of the convictions; (3) the trial court denied
his motion to compulsory process as to certain witnesses and
records; (4) the trial court improperly admitted certain
evidence; and (5) the trial judge committed judicial misconduct

(Doc. 3; *cf.* Doc. 22, pp. 3-4; *see also* Docs. 9, 18, 20, 24, 28, 29).[1]

The Court notes, however, that Respondent has asserted that Petitioner has procedurally defaulted on each of the claims raised in this Court.  A United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), has discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so that they never had the opportunity to address the claim.

Petitioner's first claim is that his attorney rendered ineffective assistance.  The evidence of record demonstrates that although Williams raised his ineffective assistance of counsel claim in his State Rule 32 petition, he abandoned it on

---

[1]The Court understands Petitioner's assertions, in Document 20, to raise a claim that the trial judge improperly admitted certain evidence.  In Document 28, Williams asserts judicial misconduct.

the appeal of its dismissal (Doc. 22, Exhibits H, J).  Because Petitioner did not pursue this claim in a timely fashion before the Alabama Court of Criminal Appeals, it is procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Williams's second claim is that he is actually innocent of his convictions.  The evidence shows that the Alabama Court of Criminal Appeals, on the review of the dismissal of his Rule 32 petition, found this claim to be procedurally defaulted as it had not been properly raised in the Rule 32 petition in the Circuit Court (Doc. 22, Exhibit J).  This claim is procedurally barred under *Harris*.

Petitioner's third claim is that the trial court denied his motion to compulsory process as to certain witnesses and records.  The Alabama Court of Criminal Appeals, on the review of the dismissal of his Rule 32 petition, found this claim to be procedurally defaulted as it had not been properly raised in the Rule 32 petition in the Circuit Court (Doc. 22, Exhibit J).  This claim is procedurally barred under *Harris*.

Williams's fourth claim is that the trial judge improperly

4

admitted certain evidence.  More specifically, Petitioner asserts that the trial judge failed to hold a hearing, outside the presence of the jury, to see if certain evidence was admissible (Doc. 20).  The evidence shows that although Williams, on the direct appeal of his conviction, raised other evidentiary claims regarding sufficiency of the evidence, improper identification, and chain-of-custody, this claim was not raised (*see* Doc. 22, Exhibit D).  Likewise, the Court finds no evidence that this claim was raised in his Rule 32 petition; it is readily apparent that it was not raised in the appeal of his Rule 32 petition (Doc. 22, Exhibits H, J).  This claim is procedurally defaulted under *Teague*.

Williams's final claim is that the trial judge committed judicial misconduct.  More specifically, Petitioner asserts that the trial judge instructed a particular witness how to testify (Doc. 28).  The evidence shows that Williams has not previously raised this claim in the State courts (*see* Doc. 22, Exhibits D, H, J).  This claim is procedurally defaulted under *Teague*.

After reviewing the pleadings of record, the Court finds that all of the claims raised in this habeas petition are procedurally defaulted.

However, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citation omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that failure to consider the claims will result in a fundamental miscarriage of justice.  *Engel v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The only reason given by Petitioner for his failure to raise these claims in the State courts in a timely manner comes through his actual innocence claim (Doc. 24).  Though he raises it as a claim rather than as a gateway to avoid the procedural default bar, the Court will, nevertheless, examine it herein.

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298,

324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.  In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 329.  A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence.  There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the procedural default bar before him.  The Court finds that the claims raised in this action are barred by procedural default and will not address their merit.

In summary, Williams has raised five different claims in bringing this action.  All claims are procedurally defaulted.

7

Therefore, it is recommended that this habeas petition be denied and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Williams has not sought timely review of the claims brought in this action in the State courts, a reasonable jurist could not conclude that this

8

Court errs in dismissing the instant petition or that Petitioner should be allowed to proceed. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

<u>CONCLUSION</u>

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor Respondent, Kenneth Jones, and against Petitioner, Willie Kevin Williams.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of June, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

10